

**Service of Process Transmittal**
06/21/2012
CT Log Number 520732397

TO: Robert Karmen
New York Life Insurance Company
51 Madison Avenue
New York, NY 10010

RE: **Process Served in Tennessee**

FOR: New York Life Insurance Company (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Bhagubhai Hira, et al., Pltfs. vs. New York Life Insurance Company, Dft. |
| DOCUMENT(S) SERVED: | Summons, Notice, Complaint |
| COURT/AGENCY: | Blount County Circuit Court, TN<br>Case # L18033 |
| NATURE OF ACTION: | Insurance Litigation - Policy benefit claimed for death |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Process Server on 06/21/2012 at 14:30 |
| JURISDICTION SERVED: | Tennessee |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service of the summons, exclusive of the date of service |
| ATTORNEY(S) / SENDER(S): | Dana D. Rhea,<br>Arnett, Draper & Hagood<br>Suite 2300<br>800 S. Gay St.<br>Knoxville, TN 37929 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day<br>Image SOP<br>Email Notification, Carol Dimartini CarolDiMartini@Newyorklife.com<br>Email Notification, Martha Sarnotsky msarnots@nyl.com<br>Email Notification, Antonio Gonzalez Antonio_Gonzalez@NewYorkLife.Com<br>Email Notification, David Sangalli david_sangalli@newyorklife.com<br>Email Notification, Robert Karmen robert_karmen@newyorklife.com |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Amy McLaren<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710<br>800-592-9023 |

**EXHIBIT A**

Page 1 of 1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## STATE OF TENNESSEE
## CIRCUIT COURT OF BLOUNT COUNTY

BHAGUBHAI HIRA, PRADIP HIRA, and
SHARISH HIRA, Plaintiffs

vs.

NEW YORK LIFE INSURANCE COMPANY, Defendant

Civil Action No.: L-18033

### SUMMONS

To: NEW YORK LIFE INSURANCE COMPANY

C/O CT Corporation System
800 S. Gay St., Suite 2021
Knoxville, TN 37929
Registered Agent for Service of Process

You are hereby summoned and required to serve upon Dan D. Rhea, attorney, whose address is:

Dan D. Rhea
Arnett, Draper & Hagood
P.O. Box 300
Knoxville, TN 37901-0300

a true copy of the Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. You will file the original with the Court.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this 14 day of June, 2012.

Witness, Thomas E. Hatcher, Clerk said Court, at office the 6-14, 2012.

By: J. King
Deputy Clerk

(This Summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedures.)

DEFENDANT'S COPY

## NOTICE
TO THE DEFENDANT: NEW YORK LIFE INSURANCE COMPANY

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a Judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the Judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2012, I served this Summons together with the Complaint as follows: by hand delivery to CT Corporation System, 800 S.Gay St., Suite 2021, Knoxville, Tennessee. I hereby certify that I am above the age of 18 years and that I am not a party to this civil action.

_____
Process Server

Process Server's Name: Joe Moellendick
Process Server's Address: Arnett, Draper & Hagood
Suite 2300
800 S.Gay St.
Knoxville, TN 37929

IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE AT MARYVILLE

BHAGUBHAI HIRA,
PRADIP HIRA, and
SHIRISH HIRA

    Plaintiffs,

v.    No. L-18033

NEW YORK LIFE INSURANCE COMPANY,

    Defendant.

FILED
11:11am WK
JUN 1 4 2012
TOM HATCHER
CIRCUIT COURT CLERK

## COMPLAINT

The above-named plaintiffs, appearing herein through their undersigned attorneys, bring this civil action against the above-named defendant, and for their cause of action state the following:

1. The plaintiffs are citizens and residents of Blount County, Tennessee.

2. The defendant is an insurance company having its principal place of business in the State of New York, and incorporated in a state other than Tennessee.

3. Plaintiff Bhagubhai Hira purchased a term life insurance policy, no. 44 049 250, from the defendant, effective October 15, 1990, through one of the defendant's agents located in Rutherford County, Tennessee. Ownership of policy no. 44 049 250 (hereafter referred to as "the term policy") was subsequently transferred to plaintiff Pradip Hira and plaintiff Shirish Hira.

4. In the sales presentation for the term policy, given by defendant's agent, Mr. Ted Champaneria to plaintiff Bhagubhai Hira, and others, on or about November 27, 1990, the defendant advised plaintiffs that the term policy could later be converted into a whole life, or

guaranteed life insurance policy (hereafter referred to as "the converted policy.")

5. In the sales presentation, the defendant orally advised plaintiffs that upon conversion, the reserve or cash value of the converted policy would be used to purchase additional paid up whole life insurance that would be added to the death benefit of the converted policy.

6. On or about October 15, 2009, the plaintiffs elected to convert the term policy into the converted whole life policy.

7. Upon receiving the converted policy and an illustration of its future death benefits, the plaintiffs learned for the first time that the reserve or cash value of the converted whole life policy would not be used to purchase additional paid up whole life insurance to be added to the converted policy's death benefit.

8. The plaintiffs justifiably relied upon the defendant's representation that there would be an additional death benefit added to the plaintiffs' life insurance coverage upon conversion into whole life, when they decided to purchase the original life insurance policy in 1990.

9. Accordingly, the plaintiffs have been damaged by the defendant's representation as described herein, by the amount of insurance premiums paid for the term life insurance policy until the plaintiffs' conversion effort in 2009, which amount is no more than $71,000.

WHEREFORE, the plaintiffs ask this Court to hear and try the plaintiffs' case, and upon such hearing and trial, to award the plaintiffs damages in an amount up to $71,000, plus pre-judgment interest.

Respectfully submitted,

ARNETT, DRAPER & HAGOOD

By: _____
Dan D. Rhea, BPR No. 005927
Attorneys for plaintiffs, Bhagubhai
Hira, Pradip Hira, and Shirish Hira

## COST BOND

Arnett, Draper & Hagood, attorneys for plaintiffs, are security for nondiscretionary costs that may be taxed to plaintiffs in this civil action.

ARNETT, DRAPER & HAGOOD

By: _____
Dan D. Rhea, partner