UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BHAGUBHAI HIRA *et al.*, )
)
    Plaintiffs, )
) No. 3:12-CV-373
v. ) (JORDAN/GUYTON)
)
NEW YORK LIFE INSURANCE CO., )
)
    Defendant. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court are Plaintiffs' Motion for Leave to File First Amended Complaint [Doc. 18] and Defendant's Motion for Protective Order and/or Quash Notice of Deposition [Doc. 26]. The parties appeared before the undersigned on August 22, 2013, to present oral arguments on these motions.

**A.    Plaintiffs' Motion for Leave to File First Amended Complaint [Doc. 18]**

In the Motion for Leave to File First Amended Complaint, Plaintiffs move the Court to allow them to file a First Amended Complaint, a copy of which is attached to Plaintiffs' Motion for Leave. Plaintiffs state that the Complaint has been revised to comply with Fed. R. Civ. P. 8, as opposed to Tenn. R. Civ. P. 8. Plaintiffs submit that justice requires that they be given the opportunity to conform to the more stringent pleadings standards, and they maintain that, because the trial date has been postponed indefinitely, the Defendant will not be prejudiced.

Defendant responds [Doc. 21] that the Plaintiffs seek to restate their claim, not modify their pleadings to confirm to Rule 8. Defendant argues that the Plaintiffs are trying to change their

claim from a claim based upon justifiable reliance to a claim based upon a theory of fraud. The Defendant maintains that the proposed amendments would be futile because the Plaintiffs have failed to state a claim. Defendant also argues that the claim is barred by a three-year statute of limitations on fraud, pursuant to Tenn. Code Ann. § 28-3-105.

Plaintiffs have made a final reply [Doc. 22] in support of their position, and the Defendants filed a sur-reply [Doc. 25] that the Court has also considered.

Rule 15 of the Federal Rules of Civil Procedure directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court finds that justice requires that the Plaintiffs be given leave to file an amended complaint. The Court has considered Defendant's position that the Plaintiffs are improperly modifying their theory of the case. The Court finds that the Defendant has not cited the Court to any rule that the Plaintiffs would violate by modifying their theory of this case. Moreover, the Court finds that – despite Defendant's position to the contrary – the request to modify is not untimely. Moreover, the Court finds that the Defendant will not be prejudiced by this change, because this case is not set for trial and the Defendant will be afforded an opportunity to modify its dispositive motion. Finally, the Court has considered the Defendant's arguments regarding futility, but the Court cannot say, based upon the filings currently before the Court, that the proposed amendments would be futile.

In addition, the Court finds that the Plaintiffs have complied with Local Rule 15.1 by attaching a copy of the proposed complaint to their motion.

Based upon the foregoing and for the reasons more fully stated at the hearing, the Plaintiffs' Motion for Leave to File First Amended Complaint **[Doc. 18]** is **GRANTED**. The Clerk of Court **SHALL DOCKET** the First Amended Complaint [Doc. 18-1], as the Amended Complaint in this matter. The Defendant may have up to and including **September 13, 2013**, to supplement its Motion for Judgment on the Pleadings [Doc. 10], in light of the filing of the Amended Complaint.

**B.   Defendant's Motion for Protective Order and/or Quash Notice of Deposition [Doc. 26]**

The Defendant moves the Court to quash a notice of deposition requiring Thakor Champaneria to appear at a deposition on August 16, 2013, at 10:00 a.m. [See Doc. 26-1]. Plaintiffs allege that Mr. Champaneria is the agent who sold the Plaintiffs the policy that is at issue in this case. The Defendant cites its pending dispositive motion as a basis for not conducting the deposition. Defendant maintains "there is no pressing or urgent need to schedule and proceed with these depositions before the Court rules on the pending motions." [Doc. 26 at 2].

Plaintiffs respond [Doc. 27] that they have no particular interest in the deposition taking place on the date of August 16, 2013, and are happy to select another available date. They do, however, want to proceed with the deposition before the Court rules on the pending Motion for Judgment.

The Court finds that the Defendant has not demonstrated good cause for issuing a protective order pursuant to Rule 26(c)(1). Specifically, the Defendant has not shown that the completion of this single deposition, which appears to be relevant to the allegations in this case, will impose an undue burden or expense. See Fed. R. Civ. P. 26(c)(1). Accordingly, the Motion for Protective Order and/or Quash Notice of Deposition **[Doc. 26]** is **DENIED**. The parties are to

3

cooperate in finding a date and time for this deposition to take place as soon as they are able. Once the parties reach an agreement, the Plaintiffs shall file notice of the deposition.

**C.     Conclusion**

In sum, the Motion for Protective Order and/or Quash Notice of Deposition **[Doc. 26]** is **DENIED**. The Plaintiffs' Motion for Leave to File First Amended Complaint **[Doc. 18]** is **GRANTED**, and the Clerk of Court **SHALL DOCKET** the First Amended Complaint [Doc. 18-1], as the Amended Complaint in this matter. The Defendant may have up to and including **September 13, 2013**, to supplement its Motion for Judgment on the Pleadings [Doc. 10], in light of the filing of the Amended Complaint.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge