IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| BHAGUBHAI HIRA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:12-CV-373 |
| ) | |
| NEW YORK LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the court for consideration of the "Defendant's Objections to the Magistrate Judge's Memorandum and Order" [doc. 32]. Plaintiffs have filed a response in opposition [doc. 34], and defendant has submitted a reply [doc. 35]. Two motions were before the magistrate judge for resolution: "Plaintiffs' Motion for Leave to File First Amended Complaint" [doc. 18] and "Defendant's Motion for Protective Order and/or to Quash Notice of Deposition" [doc. 26]. In his memorandum and order [doc. 30], the magistrate judge granted the motion to amend the complaint, which has been filed [doc. 31], and denied the motion for protective order. For the reasons that follow, defendant's objections will be overruled in part and sustained in part.

I.

*Standard of Review*

The standard of review for a magistrate judge's ruling on a non-dispositive matter is set forth in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). The reviewing court must affirm the magistrate judge's ruling unless the decision was clearly erroneous or contrary to law. 28 U.S.C. 636(b)(1)(A); *Parry v. Highlight Indus., Inc.*, 125 F.R.D. 449, 450 (W.D. Mich 1989). The "clearly erroneous" standard is applied to the factual findings by the magistrate judge while the plenary "contrary to law" standard is applied to the magistrate judge's legal conclusions. *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995). This court exercises its independent judgment regarding the magistrate judge's legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

Defendant argues that the court should apply a de novo review to the magistrate judge's decision regarding the motion to amend. Defendant contends that the motion to amend was in effect a dispositive motion, so the magistrate judge should not have ruled directly on the motion but instead should have submitted a report and recommendation. For the reasons discussed below, the court disagrees with the defendant and will not apply a de novo review standard in reviewing the decision regarding the motion to amend.

II.

*Objections Regarding Motion to Amend Complaint*

Defendant's first objection to the memorandum and order is that the magistrate judge should not have directly decided the motion to amend because it was essentially a dispositive motion. Plaintiffs respond that the motion was not dispositive of any claim or defense and that the magistrate judge acted well within his authority and discretion.

Defendant relies on *Spurlock v. Fox*, No. 3:09-cv-00756, 2011 WL 6122568 (M.D. Tenn. Dec. 8, 2011) for support of its contention that a report and recommendation should have been done. In *Spurlock*, the magistrate judge had before him a motion to amend a complaint that was objected to by defendants, partly on the basis of futility. The magistrate judge chose "in an abundance of caution" to issue a report and recommendation rather than an order. The case does not stand for the broad proposition offered by defendant that "[d]eciding a motion to amend where futility is asserted necessarily involves resolution of an issue that is statutorily beyond a magistrate judge's authority." Magistrates do decide motions to amend involving the issue of futility, and the decision is considered non-dispositive. *See Hardy v. Vieta*, No. 02-40255, 2008 WL 3020879 (E.D. Mich. July 30, 2008) (magistrate judge denied motion to amend complaint on grounds of futility and district court reviewed the order as a non-dispositive matter); *cf. Weather Underground, Inc. v. Navigation Catalyst Sys., Inc.*, No. 09-10756, 2010 WL 3168618, (E.D. Mich. Aug. 10,

3

2010) (magistrate judge denied motion to amend to file counterclaim as counterclaim would be futile and district court reviewed decision as being non-dispositive).

Defendant also makes several assumptions to reach the conclusion that the motion to amend is dispositive. Defendant assumes that denial of the motion to amend would result in dismissal of the entire case with prejudice because plaintiffs have changed the theory of their case. No authority for this proposition is cited, however. As the magistrate judge pointed out, "Defendant has not cited the Court to any rule that the Plaintiffs would violate by modifying their theory of this case." Defendant's contention that plaintiffs have "conceded" that the motion for judgment on the pleadings regarding the original complaint is "well-taken and should be granted" is an assumption not warranted by the record. Plaintiffs have not formally conceded anything on the record, and as pointed out, no rule has been cited to the court that prohibits a plaintiff from altering the theory of a case. Thus, the motion to amend the complaint that was before the magistrate judge was a non-dispositive motion, and his issuance of a memorandum and order was appropriate and within his authority. This objection will be overruled.

Defendant's next objection is that the magistrate judge's ruling that the amended complaint is not futile is clearly erroneous and contrary to law. In opposing the motion to amend, defendant argued that allowing the amendment would be futile because plaintiffs proposed amended complaint failed to plead sufficient facts to sustain a claim for

4

constructive fraud,[1] plaintiffs did not plead constructive fraud with sufficient particularity,[2] and the claim is barred by the applicable statute of limitations. The magistrate judge ruled that after considering the defendant's arguments, the court could not say based upon the existing filings that the proposed amendments would be futile. In their response to defendants' objections, plaintiffs do not address the futility argument.

### Stating Claim for Constructive Fraud

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). In resolving a motion under Rule 12(b)(6), the court must "construe the

---

[1] The first amended complaint that was attached to plaintiffs' motion to amend and which was entered pursuant to the magistrate judge's ruling specifically alleges constructive fraud as the basis for relief. In the reply brief in support of their motion to amend, plaintiffs argued a claim for "fraudulent concealment," which was not part of their motion to amend or amended complaint. In any event, the results reached herein by the court would be the same. "[C]onstructive fraud and fraudulent concealment are all parts of the same concept." *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 549-50 (Tenn. Ct. App. 2012) (citation omitted). "Generally, to find fraud by concealment or suppression of the truth there must be a showing of something more than mere silence, or a mere failure to disclose known facts. . . . [I]n addition to a failure to disclose known facts, there must be some trick or contrivance intended to exclude suspicion and prevent inquiry, or else there must be a legal or equitable duty on the party knowing such facts to disclose them." *Id.* at 550 (citation omitted). Plaintiffs have pled neither.

[2] While defendant raised the issue that fraud must be pled with particularity in its response to the motion to amend, it did not raise the argument again in its objections or in its reply in support of its objections to the magistrate judge's memorandum and order. In light of the findings that will be addressed below, the court does not need to address or make a specific finding as to this issue.

5

complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

> Constructive fraud is a *breach of a legal or equitable duty* which is deemed fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests. Constructive frauds are acts, statements or omissions which operate as virtual frauds on individuals. They concern a *breach of a legal or equitable duty*, with or without fraudulent intent, and entail as an attribute of fraud, conduct which reasonably can be expected to influence the conduct of others. . . . Constructive fraud is essentially fraud without the element of intent. Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud.

*Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 39-40 (Tenn. Ct. App. 2006) (internal citations omitted) (emphasis added).

> [A] confidential relationship is any relationship which gives a person dominion and control over another. It is not merely a

6

> relationship of mutual trust and confidence, but rather a confidential relationship is one where confidence is placed by one in the other and the recipient of that confidence is the dominant personality, with ability, because of that confidence, to exercise dominion and control over the weaker or dominated party. A confidential relationship is created when one person has dominion and control over another.

*Rogers v. The First Nat'l Bank*, No. M2004-02414-COA-R3-CV, 2006 WL 344759, at *8 (Tenn. Ct. App. Feb. 14, 2006) (internal citations omitted); *see also Thompson v. Am. Gen. Life & Accident Ins. Co.*, 404 F. Supp. 2d 1023, 1028 (M.D. Tenn. 2005) ("Fiduciary relationships may arise whenever confidence is reposed by one party in another who exercises dominion and influence. A fiduciary duty is the duty to act primarily for another's benefit.") (citations omitted).

In general, when parties deal at arm's length, they "lack the sort of relationship of trust and confidence that gives rise to a fiduciary relationship." *Hall v. Liberty Ins. Corp.*, No. 3:13-CV-206-TAV-HBG, 2013 WL 6571928, at *6 (E.D. Tenn. Dec. 13, 2013) (citing *Dick Broadcasting Co., Inc. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 674 (Tenn. 2013)). "Although there is no fiduciary relationship between an insurer and its insured, *MFA Mut. Ins. Co. v. Flint*, 574 S.W.2d 718, 720 (Tenn. 1978),[3] an insurer is under a duty to use good faith in dealing with its insured." *Bagsby v. Shelter Gen. Ins. Co.*, No. 87-153-II, 1988 WL 9809, at *4 (Tenn. Ct. App. Feb. 10, 1988); *see also Heil Co. v. Evanston Ins. Co.*, No. 1:05-

---

[3] Tennessee Supreme Court in *MFA* found that "no fiduciary relationship exists between an insurer and its insured when the company is settling a claim directly with its insured." *MFA*, 574 S.W.2d at 720.

7

CV-284, 2009 WL 596001 (E.D. Tenn. Mar. 6, 2009) (no fiduciary duty existed between insured and insurer stemming from contract provision that permitted insurer to defend insured).

Defendant argues that plaintiffs have not pled any facts in the amended complaint to identify what legal or equitable duty, if any, was owed to them by defendant's agent who sold the policy to Bhagubhai Hira. The allegations in the amended complaint reflect that the sales presentation by the agent was made to Bhagubhai Hira "and others," which reflects an arm's length transaction. Plaintiffs make no allegation that the sales representative exercised dominion or control over Bhagubhai Hira or that there was unequal bargaining power between the two. Further, as defendant also points out, the sales presentation was made to Bhagubhai Hira; there are no facts alleged to indicate that Pradip and Shirish Hira had any involvement with the transaction or were present for the presentation. No facts exists to support a confidential relationship with Pradip and Shirish Hira; thus, their claim for constructive fraud fails as well. The court agrees that plaintiffs have not pled any facts that show a legal or equitable duty existed that is required for constructive fraud.

In *Thompson*, plaintiff owned an adjustable premium whole life insurance policy issued by the defendant that insured plaintiff's granddaughter. Plaintiff brought an action for breach of fiduciary duty and constructive fraud because the defendant applied "smoker" rates to the policy for a juvenile, a fact plaintiff asserted was unknown to her or the

8

insured. The district court found: "The transaction between Plaintiff and Defendant was an arms' length, business transaction, and Plaintiff has not alleged facts which would create a fiduciary, confidential relationship." *Thompson*, 404 F. Supp. 2d at 1029. The district court held: "Plaintiff has not alleged facts which show a confidential relationship which would give rise to the legal or equitable duty required for constructive fraud." *Id*. Accordingly, the court dismissed the constructive fraud claim.

Likewise, in this case, plaintiffs have not alleged facts demonstrating a confidential or fiduciary relationship that would give rise to a legal or equitable duty. Without those key requirements, the claim for constructive fraud cannot be sustained. Thus, allowing the amended complaint based upon constructive fraud would be futile. Defendant's objection, therefore, will be sustained.

**Statute of Limitations**

In addition, defendant also argues that allowing the amended complaint would be futile because the statute of limitations has run as to the constructive fraud claims for all three plaintiffs. The applicable statute of limitations is Tennessee Code Annotated § 28-3-105. *Fortune v. Unum Life Ins. Co. of Am.*, 360 S.W.3d 390 (Tenn. Ct. App. 2010) (section 28-3-105 governs allegations of fraud and misrepresentation); *Jackson v. WMC Mortg. Corp.*, No. 2:12-cv-02914-JPM-cgc, 2013 WL 5550228, at *11 (W.D. Tenn. Oct. 8, 2013) ("Under Tennessee law, claims for both fraud and misrepresentation are generally governed

9

by a three-year statute of limitations as set forth in Tennessee Code Annotated Section 28-3-105.") (citing *Fortune*); *Russell v. Household Mortg. Servs.*, No. M2008-01703-COA-R3-CV, 2012 WL 2054388, at *5 (Tenn. Ct. App. June 7, 2012) (statute of limitations applicable to fraud claim is three-year statute of limitations at Tenn. Code Ann. § 28-3-105). Constructive fraud is fraud without the intent element. *Kincaid*, 221 S.W.3d at 39. Plaintiffs do not dispute that the three-year statute of limitations applies. Tennessee Code Annotated § 28-3-105 provides that an action for fraud must be filed within three years of when the action accrues. "Under the discovery rule, a cause of action accrues when a plaintiff discovers, or in the exercise of reasonable care and diligence, should have discovered, his injury and the cause thereof." *Russell*, 2012 WL 2054388, at *5 (internal quotation marks and citations omitted).

Plaintiffs allege in the amended complaint that they first discovered the constructive fraud sometime after October 15, 2009, when they received the converted policy and an illustration of its future death benefits. Defendant argues that this contention only focuses on when the plaintiffs actually knew about the difference between what the agent allegedly said and what the policy provides. Thus, plaintiffs ignore the issue of when they should have known about the difference. There is no allegation that plaintiffs did not receive the policy.

The policy has an effective date of October 15, 1990. The policy at pages 5-6 contains information regarding conversion, and at the top of each page is the word

10

"**CONVERSION**." Included in this section is information concerning the limitations in the new policy and the requirement for an extra payment at conversion and how that payment is calculated. Bhagubhai Hira knew or should have known when he took ownership of the policy in 1990 that the conversion terms set out in the policy differed from what the agent allegedly told him. He would have had three years from that point to file his claims. Likewise with Pradip and Shirish Hira, they knew or should have known the conversion terms when they took ownership of the policy on May 19, 2006, and would have had three years from that time to file their claims. This case was not filed until June 14, 2012.[4] With the exercise of reasonable care and diligence, the plaintiffs should have learned when they received the policy the difference between the conversion terms stated therein and what Bhagubhai was allegedly told by the agent at the sales presentation. Therefore, because plaintiffs' constructive fraud claim is barred by the applicable statute of limitations, allowing the amendment to assert that claim would be futile. This objection will be sustained.

Accordingly, the motion to amend should be denied and the amended complaint, which has already been filed, should be deleted. The original complaint will be the operative complaint before the court, and the motion for judgment on the pleadings related to the original complaint will be decided by the court.

---

[4] Bhagubhai Hira and Pradip Hira filed a complaint concerning the same policy on October 15, 2010, in state court that was removed to this court and later non-suited by the plaintiffs. Based upon the court's analysis above, this complaint was untimely as well.

11

*Objections Regarding Motion for Protective Order*

Defendant also objects to the magistrate judge's ruling in denying its motion for protective order. Plaintiffs noticed the deposition of the agent involved with the sale of the policy. The deposition was cancelled by agreement when the motion for protective order was filed. The magistrate judge found that defendant had not shown good cause for a protective order because it had not demonstrated "that completion of this single deposition, which appears to be relevant to the allegations in this case, will impose an undue burden or expense." Defendant argues that undue burden and expense exist when a party is not entitled to discovery and discovery would not be beneficial to disposition of the pending motion. Plaintiffs argue that defendant cannot complain about undue burden and expense in light of the length and number of pleadings it has filed. They also argue that the pending dispositive motion should not be decided without the opportunity for discovery, citing Fed. R. Civ. P. 12(d) and Fed. R. Civ. P. 56.

At the time plaintiffs filed their motion to amend and sought the deposition that is the subject of defendant's motion for protective order, defendant had filed a motion for judgment on the pleadings, which remains pending. In support of that motion, defendant attached a copy of the policy at issue and the transfer of ownership documents, reflecting transfer of the policy to Pradip and Shirish Hira. In their response to the motion for judgment on the pleadings, plaintiffs argued that the motion should be construed as one for summary judgment because of the documents attached to the motion, and they also included a Rule

12

56(d) affidavit of plaintiffs' counsel. The court does not agree with plaintiff that the pending dispositive motion should be treated as one for summary judgment and addresses the issue at this time because it bears upon whether plaintiffs should be permitted to take the deposition of the agent while the motion for judgment on the pleadings is pending.

A motion for judgment on the pleadings is brought under Fed. R. Civ. P. 12(c), which provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The term "closed" means that the defendant has filed an answer. *See Dunn-Mason v. JP Morgan Chase Bank Nat'l Assoc.*, No. 11-cv-13419, 2013 WL 4084676 (E.D. Mich. Aug. 13, 2013). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. A motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104, 1107-08 (6th Cir. 2012) (citations omitted). The manner of review for a Rule 12(c) motion is the same as for a motion brought under Rule 12(b)(6). *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008). "[T]he purpose of a motion under Rule 12(c) is to test the sufficiency of the complaint, without requiring the parties to engage in expensive and time-consuming discovery and without reaching the merits of the case." *Marsilio v. Vigluicci*, 924 F. Supp. 2d 837, 847 (N.D. Ohio 2013) (citing *Dudek v. Thomas & Thomas Attorneys &*

*Counselors at Law, LLC*, 702 F. Supp. 2d 826, 831 (N.D. Ohio 2010) (purpose of either a Rule 12(c) motion or a Rule 12(b)(6) motion is to "test the sufficiency of the complaint – not to decide the merits of the case")); *see also Gibson v. Mortg. Elec. Registration Sys., Inc.*, No. 11-2173-STA, 2012 WL 517329, at *3 (W.D. Tenn. Feb. 15, 2012) (holding that as general matter with Rule 12(c) motion plaintiff not entitled to discovery until court evaluates sufficiency of pleadings – court denied motion for discovery filed in response to motion for judgment on the pleadings).

Rule 12(d) provides in relevant part: "If, on a motion under rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Rule 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." While a plaintiff is not obligated to attach to the complaint documents that form the basis for the action, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claims." *Gibson*, 2012 WL 517329, at *3 (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)). The district court in *Gibson* determined that exhibits attached to defendants' motion for judgment on the pleadings, which were attached or referenced in the complaint, were "part of the pleadings for purposes of Rule 12 and Rule 10(c)." *Id*. When considering a motion to dismiss, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case

14

and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Gee v. UnumProvident Corp.*, No. 1:03-CV-147, MDL 1:03-MD-1552, 2005 WL 534873, at *7 (E.D. Tenn. Jan. 13, 2005) ("[I]f documents are attached to, incorporated by, or specifically referred to in the complaint, they are considered part of the complaint and the Court may consider them.") (citing *Weiner* , 108 F.3d at 89; *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss. Fed. R. Civ. P. 10(c). In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citation omitted).

The original complaint that is the subject of defendant's motion for judgment on the pleadings specifically references the policy, identifying it by number, and references the transfer of ownership. The policy is a focal piece of plaintiffs' claims, in spite of plaintiffs' contentions otherwise. It is not outside evidence but a part of the pleadings, and its inclusion does not convert the motion for judgment on the pleadings to one for summary judgment. The complaint also references the transfer of ownership of the policy to plaintiffs Pradip Hira and Shirish Hira, a circumstance that is integral to the plaintiffs' claims. The

15

transfer of ownership forms are not outside evidence because the transfer of ownership is integral to plaintiffs' claims. Thus, inclusion of the transfer of ownership forms with defendant's motion does not convert the motion to a motion for summary judgment. Plaintiffs, therefore, cannot rely on Rule 12(d) or Rule 56(d) to obtain discovery.

The court, therefore, concludes that plaintiffs are not permitted discovery prior to a ruling on defendant's motion for judgment on the pleadings, which requires the court to assess the sufficiency of plaintiffs' complaint. Given these circumstances, allowing the deposition of the insurance agent to proceed at this time would not be appropriate. Therefore, defendant's objection regarding the motion for protective order will be sustained.

III.

*Conclusion*

For the reasons discussed above and based upon the appropriate standard of review, defendant's objections to the magistrate judge's memorandum and order are overruled in part and sustained in part. Defendant's objection that the magistrate judge did not have jurisdiction to decide the motion to amend the complaint directly is not well taken. Defendant's other objections to the ruling regarding the motion to amend the complaint are well taken. Defendant's objection to the magistrate judge's ruling regarding the motion for protective order is also well taken.

# ORDER

It is therefore **ORDERED** that "Defendant's Objections to the Magistrate Judge's Memorandum and Order" [doc. 32] are **OVERRULED in part and SUSTAINED IN PART** as follows:

1. Defendant's objection that the magistrate judge should not have directly decided the motion to amend complaint is **OVERRULED**;

2. Defendant's objection regarding the magistrate's conclusion that the amended complaint is not futile is **SUSTAINED**;

3. Defendant's objection to the magistrate judge's denial of its motion for protective order is **SUSTAINED**.

It is further **ORDERED** that "Plaintiff's Motion for Leave to File First Amended Complaint" [doc. 18] is **DENIED**. The "First Amended Complaint" [doc. 31] that has been entered shall be **DELETED** from the record. "Defendant's Motion for Protective Order and/or to Quash Notice of Deposition" [doc. 26] is **GRANTED**. The original complaint [doc. 1] remains the operative complaint in this case, and "Defendant's Motion for Judgment on the Pleadings" [doc. 10] concerning that complaint remains pending.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge